J-S84032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALLEN THEODORE CLAIBORNE | : | |
| | : | |
| Appellant | : | No. 1318 MDA 2017 |

Appeal from the Judgment of Sentence May 24, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0003742-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 12, 2018**

Allen Theodore Claiborne appeals from the judgment of sentence imposed May 24, 2017, in the York County Court of Common Pleas.  The trial court sentenced Claiborne to an aggregate term of five to 12 years' imprisonment following his jury conviction of theft and criminal conspiracy to commit robbery.[1]  Contemporaneous with this appeal, Claiborne's counsel has filed a petition to withdraw from representation and an **Anders** brief.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  The sole issue addressed in the **Anders** brief is a challenge to the discretionary aspects of Claiborne's sentence.  For the reasons below, we affirm the judgment of sentence, and grant counsel's petition to withdraw.

_____

[1] **See** 18 Pa.C.S. §§ 903/3701(a)(1)(ii), and 3921(a), respectively.

The facts underlying Claiborne's convictions are well-known to the parties and need not be reiterated herein. In summary, Claiborne, along with two co-conspiractors, posted ads online claiming to have electronic items for sale. However, when they met with potential buyers, Claiborne and his cohorts robbed them at gunpoint. On November 15, 2016, a jury convicted Claiborne of conspiracy and theft with regard to one of the robberies, acquitted him of a second robbery, and was unable to reach a verdict with regard to the third robbery. As noted above, he was sentenced on May 24, 2017, to a term of five to 12 years' imprisonment for conspiracy to commit robbery, and a concurrent term of six to 12 months' for the charge of theft. On June 2, 2017, Claiborne filed a timely post-sentence motion seeking reconsideration of his sentence. On July 17, 2017, the trial court denied Claiborne's post-sentence motion following a hearing. Claiborne filed a notice of appeal on August 18, 2017.

Before we may address counsel's request to withdraw and the substantive claim raised in the **Anders** brief, we must first determine if this appeal was timely filed. "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." **Commonwealth v. Liebensperger**, 904 A.2d 40, 43 (Pa. Super. 2006) (quotation omitted). When the defendant in a criminal case files a timely post-sentence motion, "the notice of appeal shall be filed … within 30 days of the entry of the order deciding the motion[.]" Pa.R.Crim.P. 720(A)(2)(a).

Here, Claiborne filed a timely post-sentence motion seeking reconsideration of his sentence, which the trial court denied by order entered July 17, 2017. Therefore, it appears that his notice of appeal, filed thirty-two days later, on August 18, 2017, was untimely. Indeed, we note that on September 11, 2017, this Court filed an order directing Claiborne to show cause why the appeal should not be quashed as untimely. *See* Rule to Show Cause, 9/11/2017. Counsel for Claiborne filed a response, in which he conceded the appeal was untimely filed and must be quashed. *See* Response to Order to Show Cause, 9/11/1027, at ¶ 5.

Our review of the record, however, reveals that, despite counsel's concession, quashal of this appeal is not appropriate. Pursuant to the Pennsylvania Rules of Appellate Procedure, the date of the entry of an order is "the day the clerk of the court … mails … copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1). The only exception in a criminal case is when **no post-sentence motion has been filed**, in which case "the date of imposition of sentence in open court shall be deemed to be the date of entry of the judgment of sentence." Pa.R.A.P. 108(d)(2).

Here, the docket indicates that notice of the trial court's July 17, 2017, order denying Claiborne's post-sentence motion was served on the parties on July 24, 2017. *See* Docket No. 3742-2016, 7/17/2017 Entry, Order Denying Post-Sentence Motion. Consequently, Claiborne had until August 23, 2017, to file a timely notice of appeal, and his appeal filed on August 18, 2017, was

timely filed.[2]  Therefore, we proceed to an examination of counsel's request to withdraw.

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal.  **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015).  Our review of the record reveals counsel has complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny.  Notably, counsel completed the following:  (1) he filed a petition for leave to withdraw, in which he states his belief that the appeal is wholly frivolous; (2) he filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); (3) he furnished a copy of the **Anders** brief to Claiborne; and (4) he advised Claiborne of his right to retain new counsel or proceed *pro se*.[3]  **See**

_____

[2] On August 23, 2017, the trial court directed Claiborne to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Claiborne complied with the court's directive, and filed a concise statement on September 14, 2017.  This filing was one-day late pursuant to the 21-day filing period set forth in Rule 1925.  However, this Court has held: "[I]f there has been an untimely filing [of a concise statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Commonwealth v. Burton**, 973 A.2d 428, 433 (2009).  Here, the trial court prepared a Rule 1925(a) opinion, in which it relied upon the reasoning set forth in its order denying post-sentence motions.  Accordingly, we decline to find Claiborne's issue waived on appeal.

[3] We note that counsel initially did not attach to the petition a letter informing Claiborne of his rights.  Accordingly, by order entered October 31, 2017, this Court directed counsel to properly notify Claiborne and file a copy of the

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, we have received no correspondence from Claiborne supplementing the **Anders** brief.

Therefore, we proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quotations and citation omitted). In so doing, we review not only the issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.* at 1249 (footnote omitted).

The sole issue addressed in the **Anders** brief is a challenge to the discretionary aspects of Claiborne's sentence. A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." **Commonwealth v. Best**, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). In order to reach the merits of such a claim, this Court must determine:

---

notification with this Court. **See** Order, 10/31/2017. Although counsel complied, the letter he sent to Claiborne contained incorrect advice, implying that Claiborne's right to represent himself or retain private counsel was contingent upon this Court permitting counsel to withdraw. Therefore, on November 17, 2017, this Court ordered counsel to properly inform Claiborne of his rights, and file a copy of the correct notification with this Court. **See** Order, 11/17/2017. Counsel complied with our directive, and filed a proper notification on November 22, 2017.

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

In the present case, although Claiborne filed a timely appeal and preserved his challenge in a post-sentence motion, counsel failed to include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in the *Anders* brief. Nevertheless, because the Commonwealth did not object to the omission, we may consider the claim on appeal.[4] *See Commonwealth v. Gould*, 912 A.2d 869, 872 (Pa. Super. 2006). *See also Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016) (declining to waive a discretionary sentencing claim despite the absence of a Rule 2119(f) statement when counsel has requested to withdraw and filed an *Anders* brief). Therefore, we must now determine whether the *Anders* brief raises a substantial question justifying our review. A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d

---

[4] Indeed, the Commonwealth neglected to file a brief.

- 6 -

1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Here, Claiborne contends the sentence imposed was excessive, and the trial court failed to consider "the fact that he is only twenty-three years old and was addicted to controlled substances at the time the crime occurred." ***Anders*** Brief at 9. Claiborne insists that by reducing his sentence, the court will allow him to "develop the important social and professional skills needed to become a contributing member of society," and he will be less likely to commit future crimes if he is provided with treatment for his drug addiction issues. ***Id.***

A claim that the trial court failed to consider mitigating factors does not present a substantial question for our review. ***Commonwealth v. Corley***, 31 A.3d 293, 297 (Pa. Super. 2011). This is particularly true where, as here, the trial court had the benefit of a pre-sentence investigation report. ***See Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010).

> Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa.Super.2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Cruz-Centeno***, 447 Pa.Super. 98, 668 A.2d 536 (1995), *appeal denied*, 544 Pa. 653,

676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

***Id.***

In the present case, the trial court imposed concurrent, standard range sentences for Claiborne's offenses. ***See*** N.T., 5/24/2017, at 2, 4. The court specifically noted that it took into consideration Claiborne's age, and his use of controlled substances. ***See*** Order, 7/17/2017, at 3. Accordingly, we find he has failed to raise a substantial question justifying our review.

Despite the fact that counsel incorrectly conceded the appeal should be quashed, we agree with his assessment that the issue identified in the ***Anders*** brief is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude "the appeal is in fact wholly frivolous." ***Flowers***, ***supra***, 113 A.3d at 1248.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2018

- 8 -